United States District Court
Southern District of Texas
**ENTERED**
March 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMIRO FRANCISCO GARZA, ET. AL "Plaintiffs", | § § § | |
| v. | § § § | Civil Action No. 1:21-cv-00160 |
| ANTHONY BLINKEN, ET. AL, "Defendants". | § § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' "Motion to Dismiss Plaintiffs' Complaint" ("MTD") (Dkt. No. 9), Plaintiffs' "Response in Opposition to Motion to Dismiss" (Dkt. No. 22), and Defendants' "Reply in Support of their Motion to Dismiss" (Dkt. No. 28). For the reasons stated below, Defendant's MTD (Dkt. No. 9) is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2011, the United States Department of State ("State Department") denied Plaintiff Ramiro Francisco Garza's passport application. Dkt. No. 21-1 at 42. On June 3, 2015, the State Department denied Plaintiff Angelica Maria Garza's passport application. *Id.* at 54. Plaintiffs filed their complaint October 15, 2021. Dkt. No. 1.

Plaintiffs allege three separate causes of action. First, Plaintiffs seek a declaratory judgment, under 8 U.S.C. § 1503(a), that Plaintiffs are natural-born United States citizens. *Id.* at 1. Second, Plaintiffs seek review of adverse agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq. Id.* at 12. Third, Plaintiffs seek a declaratory judgment under the Declaratory Judgment Act ("DJA"). *Id.* at 11. Plaintiffs also seek corresponding injunctive relief with their DJA claim. *Id.*

### II. LEGAL ANALYSIS

A. Plaintiffs' 8 U.S.C. § 1503(a) Claim

An individual who claims a denial of a right or privilege of U.S. citizenship may seek a declaration of citizenship under 8 U.S.C. § 1503(a); an action under this statute must be filed within five years after the first, final administrative denial of such right or privilege. *See Gonzalez v. Limon*, 926 F.3d 186, 190 (5th Cir. 2019) (citing 8 U.S.C. § 1503(a)). Both Plaintiffs' passport applications

1

were denied more than five years before filing their complaint. *See* Dkt. No. 1, Dkt. No. 21-1 at 42, Dkt. No. 21-1 at 54. The Court therefore lacks subject matter jurisdiction. Plaintiffs' 8 U.S.C. § 1503(a) claims must be dismissed.

### B. Plaintiffs' APA Claim

Section 704 of the APA provides subject matter jurisdiction to federal courts over final agency actions only where "there is no other adequate remedy in a court." 5 U.S.C. § 704. When a plaintiff challenges a denial of a passport, § 1503(a) provides an adequate remedy in court. *Flores v. Pompeo* 936 F.3d 273, 277 (5th Cir. 2019); *see also Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020). The Court therefore lacks subject matter jurisdiction over Plaintiffs' APA claim. Plaintiffs' APA claim must be dismissed.

### C. Plaintiffs' DJA Claim

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Plaintiffs bear the burden to establish jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The DJA does not create an independent cause of action. *Mahogany v. La. State Supreme Court*, 262 F. App'x 636, 637 n.2 (5th Cir. 2008). Plaintiffs did not identify an independent cause of action which gives the Court jurisdiction over its request for a declaratory judgment under 28 U.S.C. § 2201. Thus, Plaintiffs did not establish jurisdiction, and the Court lacks subject matter jurisdiction over Plaintiffs' DJA claim. Plaintiffs' DJA claim must be dismissed.

### III. CONCLUSION

Defendants' MTD (Dkt. No. 9) is **GRANTED**. Plaintiffs' "Corrected Opposed Motion for Leave to File Amended Petition ..." (Dkt. No. 13) is **DENIED AS MOOT**. The Clerk of the Court is **ORDERED** to close the case.

Signed on this 3rd day of March, 2022.

Rolando Olvera
United States District Judge